| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Ja Vonne M. Phillips, Esq. SBN 187474<br>Christelle N. Ramseyer, Esq. SBN 265571<br>**McCarthy & Holthus, LLP**<br>1770 Fourth Avenue<br>San Diego, CA 92101<br>Phone (619) 685-4800<br>Fax (619) 685-4810<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* OneWest Bank FSB formally known as IndyMac Bank, FSB, it assignees and/or successors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>David Benjamin Morales,<br><br><br><br><br><br><br>                                                                                                                           Debtor. | CHAPTER: 13<br>CASE NO.: 6:11-bk-18929-CB<br><br>Hearing Date: 05/03/2011<br>Hearing Time: 10:00 AM<br>Location: 3rd Floor, 303 |
|---|---|

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER
# 11 U.S.C. § 362(l) (with supporting declarations)
# (MOVANT: OneWest Bank FSB formally known as IndyMac Bank, FSB, it assignees and/or successors)
# (Unlawful Detainer)

1. NOTICE IS HEREBY GIVEN to the Debtor(s'), Debtor's(s') attorney, and other interested parties ("Responding Party") that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay or an order confirming that that the automatic stay does not apply as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

   ☐ NOTICE IS ALSO GIVEN to the trustee as an additional Responding Party, because the Motion relates to a nonresidential property.

2. **Hearing Location:**   ☐ 255 East Temple Street, Los Angeles      ☐ 411 West Fourth Street, Santa Ana
                            ☐ 21041 Burbank Boulevard, Woodland Hills   ☐ 1415 State Street, Santa Barbara
                            ☒ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on a REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before hearing and appear at the hearing of the Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and saved:

   ☐ at the hearing          ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has not been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

| In re<br>David Benjamin Morales, | CHAPTER: 13 |
|---|---|
| Debtor. | CASE NO.: 6:11-bk-18929-CB |

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local bankruptcy Rule 1002-1.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 4/7/2011

McCarthy & Holthus, LLP
*Print Law Firm Name (if applicable)*

Christelle N. Ramseyer, Esq.　　　　　　　　　　　/s/ Christelle N. Ramseyer, Esq.
*Print Name of Individual Movant or Attorney for Movant*　　*Signature of Individual Movant or Attorney for Movant*

F 4001-1M.UD

| In re<br>David Benjamin Morales, | CHAPTER: 13 |
|---|---|
| Debtor. | CASE NO.: 6:11-bk-18929-CB |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
## (MOVANT: OneWest Bank FSB formally known as IndyMac Bank, FSB, it assignees and/or successors)
### (Unlawful Detainer)

1. **The Property at Issue:** Movant moves for relief from the automatic stay to obtain possession of the residential or nonresidential premises at the following address (the "property")"

   *7057 Mesada Street, Rancho Cucamonga, CA 91701*

   **The Property is:**   ☒ Residential    ☐ Nonresidential

2. **Case History:**

   a. ☒ A voluntary    ☐ An involuntary petition under Chapter    ☐ 7    ☐ 11    ☐ 12    ☒ 13
      was filed on *(specify date):* 03/18/2011

   b. ☐ An Order of Conversion to Chapter    ☐ 7    ☐ 11    ☐ 12    ☐ 13
      was entered on *(specify date):*

   c. ☐ Plan was confirmed on *(specify date)*:

   d. ☐ Other bankruptcy cases of the Debtor were pending within the year ending on the petition date. See attached Declaration.

   e. ☒ Other bankruptcy cases affecting this Property have been pending within the two years ending on the petition date. See attached Declaration.

3. **Grounds for Relief From Stay:** *(Check all that apply)*

   a. ☒ Pursuant to 11 U.S.C. § 362 (d)(1), cause exists because, as of petition date, Debtor(s) had no right to continued occupancy of the premises, as follows:

      (1) ☐ An unlawful detainer judgment in favor of Movant was entered prepetition.

         A. ☐ The debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362 (l)(1).

         B. ☐ The debtor or adult dependant of debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.

         C. ☐ The debtor or adult dependant of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362 (l)(2) that the entire monetary default that gave rise to the judgment has been cured.

         D. ☐ The Movant has filed and served an objection to the certification referenced in (a)(1)(A) and/or (a)(1)(C) above. A copy of the objection is attached hereto as Exhibit     . A hearing on the objection is set for:    .

      (2) ☐ An unlawful detainer proceeding was commenced prepetition.

      (3) ☒ Movant acquired title to the premises by foreclosure sale prepetition and recorded the deed within the period provided by state law for perfection.

      (4) ☐ Movant acquired title to the premises by foreclosure sale postpetition and recorded the deed within the period provided by state law for perfection.

      (5) ☐ The lease or other right of occupancy expired by its terms prepetition.

      (6) ☐ The lease has been rejected or deemed rejected by operation of law.

      (7) ☐ Lease payments have not been made since the filing of the petition.

| In re<br>David Benjamin Morales,<br><br>Debtor. | CHAPTER: 13<br><br>CASE NO.: 6:11-bk-18929-CB |
|---|---|

    (8) ☐ An eviction action has been filed to obtain possession of the subject residential property on grounds of endangerment of the property or because of illegal use of controlled substances on the property and Movant has filed and served upon Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification Debtor has endangered the subject property or illegally allowed the use of controlled substances on the property. A copy of Movant's certification is attached as Exhibit    . Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if any, is attached as Exhibit    . A hearing on this objection is set for:    .

  b. ☐ Pursuant to 11 U.S.C. § 362 (d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362 (d)(2)(B), the Property is not necessary to an effective reorganization.

  c. ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

    (1) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

    (2) ☒ Other bankruptcy cases have been filed asserting an interest in the same property.

    (3) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

4. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

☒ Movant submits the attached Unlawful Detainer Declaration to provide in support of this Motion pursuant to Local Bankruptcy Rules.

☐ Other Declaration(s) are also attached in support of this Motion.

**WHEREFORE, Movant prays that this Court issue an Order granting the following (specify forms of relief requested):**

1. ☒ Termination of stay to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the attached Declaration(s).

3. ☐ An order confirming that the automatic stay does not apply.

4. ☐ Alternatively, if immediate relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable:

  a. Establishment of a deadline for assumption or rejection of the lease.

  b. Adequate protection in the form of regular payments at the lease rate from prepetition date until assumption or rejection of the lease.

| In re<br>David Benjamin Morales,  | CHAPTER: 13 |
|---|---|
| Debtor. | CASE NO.: 6:11-bk-18929-CB |

5. Additional provisions requested:

   a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case under any other chapter of Title 11 of the United States Code.

   b. ☐ Termination or modification of the Co-debtor Stay of 11 U.S.C. § 1201 or § 1301 as to the above-named co-debtor, on the same terms and conditions.

   c. ☒ That the 14-day stay as described by Bankruptcy Rule 4001(a)(3) be waived.

   d. ☒ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F4001-1M.ER)*.

   e. ☐ For other relief requested, see attached continuation page.

Dated: 4/8/2011

Respectfully submitted,

OneWest Bank FSB formally known as IndyMac Bank, FSB
*Movant Name*

McCarthy & Holthus, LLP
*Firm Name of Attorney for Movant (if applicable)*

By:   /s/  Christelle N. Ramseyer, Esq.
*Signature*

Name:    Christelle N. Ramseyer, Esq.
*Typed Name of Individual Movant or Attorney for Movant*

Motion for Relief from Stay (Unlawful Detainer) Page 6 of 10    **F 4001-1M.UD**

| In re<br>David Benjamin Morales,<br><br>Debtor. | CHAPTER: 13<br>CASE NO.: 6:11-bk-18929-CB |
|---|---|

## UNLAWFUL DETAINER DECLARATION
### (MOVANT: OneWest Bank FSB formally known as IndyMac Bank, FSB, it assignees and/or successors)

I, Gayle Jameson, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the residential or nonresidential real property that is the subject of this Motion ("Property") because:
   ☐ I am the Movant and owner of the Property.
   ☐ I manage the Property as the authorized agent for the Movant.
   ☐ I am employed by Movant as *(state title and capacity)*:
   ☒ Other *(specify)*: Unlawful Detainer Attorney in California Superior Court

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. The address of the Property that is the subject of the Motion is:

   7057 Mesada Street, Rancho Cucamonga, CA 91701

4. Movant is the legal owner of the Property, or the owner's legally authorized agent. A true and correct copy of the Trustee's Deed upon Sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as **Exhibit "1"**. A true and correct copy of any applicable document establishing Movant's authority as agent for the owner is attached as **Exhibit "1"**.

5. The property is:  ☒ residential property    ☐ nonresidential property
   a. Debtor(s) occupies the Property
      ☐ on a month-to-month tenancy        ☐ pursuant to a lease that is in default
      ☒ after a foreclosure sale on: 05/26/2009    ☐ other *(specify)*:
   b. ☐ Debtor(s) has/have failed to pay the monthly rent of $         since the following date *(specify date)*:
   c. ☐ In addition, Debtor(s) has/have failed to pay other obligations under the lease, including the following *(See attached continuation page for itemization)*:
      (1) ☐ Common area maintenance charges
      (2) ☐ Property taxes
      (3) ☐ For additional obligations, see attached continuation page.

| | |
|---|---|
| Motion for Relief from Stay (Unlawful Detainer) Page 7 of 10 | **F 4001-1M.UD** |
| In re<br>David Benjamin Morales,<br><br>Debtor. | CHAPTER: 13<br><br>CASE NO.: 6:11-bk-18929-CB |

6. Debtor's(s') bankruptcy petition in this case was filed on *(specify date):* 03/18/2011

7. Procedural status *(indicate all that apply, and provide dates for completed steps):*

   a. ☒ Movant caused a Notice to Quit to be served upon the Debtor(s) on *(specify date):*01/19/2011
   A true and correct copy of which is attached hereto as **Exhibit "2"**.

   b. ☒ Before the filing of the petition, Movant had commenced an unlawful detainer proceeding in state court and completed the following:

      (1) ☒ Movant filed a Complaint for Unlawful Detainer against the Debtor(s) on the *(specify date):* 1/28/2011, a true and correct copy of which is attached as **Exhibit "3"**.

      (2) ☐ Trial was held on *(specify date):*

      (3) ☐ An Unlawful Detainer Judgment against the Debtor(s) was entered on the Complaint for Unlawful Detainer on *(specify date):*     , a true and correct copy of which is attached as Exhibit    .

      (4) ☐ A Writ of Possession for the Property was issued by the state court on *(specify date):*     , a true and correct copy of which is attached as Exhibit    .

      (5) ☐ The debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362 (l)(1).

      (6) ☐ The Debtor or adult dependant of debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.

      (7) ☐ The debtor or adult dependant of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362 (l)(2) that the entire monetary default that gave rise to the judgment has been cured.

      (8) ☐ Movant has filed and served an objection to Debtor's certification referenced in paragraph (5) and/or (7) above, a copy of which is attracted hereto as Exhibit    . A hearing on this objection is set for    .

      (9) ☐ An eviction action has been filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that Debtor has endangered the subject the subject property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit    . Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if filed, is attached hereto as Exhibit    . A hearing on this objection is set for:    .

   c. ☐ The lease was rejected on    *(date):*

      (1) ☐ By operation of law.

      (2) ☐ By Order of the Court.

   d. ☐ The regular lease payments have not been made since the filing of the petition.

8. ☐ Debtor(s) has/have no equity in the Property because Debtor(s) does/do not have a lease interest that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because *(specify):*

   a. ☒ The Property is residential and is not producing income for the Debtor(s).

   b. ☐ The Property is commercial, but no reorganization is reasonably in prospect.

   c. ☒ Other *(specify):* Debtor(s) do not own an interest in the subject property.

---

December 2009 | This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California | **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) Page 8 of 10    **F 4001-1M.UD**

| In re<br>David Benjamin Morales,<br><br><br>Debtor. | CHAPTER: 13<br><br>CASE NO.: 6:11-bk-18929-CB |
|---|---|

10. ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
    a. ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
    b. ☒ Other bankruptcy cases have been filed asserting an interest in the same property.
    c. ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing only a few pages consisting of the Petition and a few other documents. No Schedule or Statement of Affairs (or Chapter 13 plan, if appropriate) has been filed.
    d. ☐ Other *(specify)*:

11. ☒ Other bankruptcy cases that have prevented Movant from recovering possession of this Property include the following:
    a. Case Name: David B Morales
       Case Number: 6:09-bk-16456-RN          Chapter: 7
       Date Filed: 04/02/2009                Date Dismissed: 05/11/2009
       Relief from stay re this property ☐ was ☒ was not granted.
    b. Case Name:
       Case Number:                          Chapter:
       Date Filed:                           Date Dismissed:
       Relief from stay re this property ☐ was ☐ was not granted.
    c. ☐ See attached continuation page for more information about other cases.

12. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the actions set forth in paragraph 7 that were taken after the filing of the bankruptcy petition in this case.
    a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.
    b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in paragraph 11 above.
    c. ☐ For other fact justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** _4/4/2011_ (date), at _San Diego_ (city), _California_ (state).

Print Declarant's name _Gayle Jameson_    Signature of Declarant

---

*December 2009*    This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

**F 4001-1M.UD**

F 4001-1M.UD

| In re<br>David Benjamin Morales,<br><br>Debtor(s). | CHAPTER: 13<br><br>CASE NO.: 6:11-bk-18929-CB |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**McCarthy & Holthus, LLP**
**1770 Fourth Avenue**
**San Diego, CA 92101**

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 4/8/2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**UNITED STATES TRUSTEE**
ustpregion16.rs.ecf@usdoj.gov

**TRUSTEE**
**Amrane (RS) Cohen (TR)**
efileRS@ch13ac.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On 4/8/2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR - David Benjamin Morales, 7057 Mesada Street, Rancho Cucamonga, CA 91701

JUDGE'S COPY - The Honorable Judge, Catherine Bauer, United States Bankruptcy Court - Riverside Division, 3420 Twelfth Street, Riverside, CA, 92501

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/8/2011 | David Fry | /s/ David Fry |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

F 4001-1M.UD

| In re | CHAPTER: | 13 |
|---|---|---|
| David Benjamin Morales, | | |
| Debtor. | CASE NO.: | 6:11-bk-18929-CB |

## *(OPTIONAL)*
## EXTRAORDINARY RELIEF ATTACHMENT
### (MOVANT: OneWest Bank FSB formally known as IndyMac Bank, FSB, it assignees and/or successors)

*(This Attachment is the continuation page for Paragraph 5(d) of Page 5 of the Relief From Stay Motion)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings or otherwise, Movant also asks that the Order include the following provisions:

1. ☒ That the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

2. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of this Motion
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of this Motion
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☐ That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor(s) may be
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☐ That the Debtor(s) be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.

6. ☐ That the Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Motion
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☐ Other (*specify*):